11-2248-cv
TPTCC NY, Inc. v. Radiation Therapy Servs., Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of December, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

---

TPTCC NY, Inc., *et al.*,

> *Plaintiffs-Appellants*,

> v.                                                              No. 11-2248-cv

Radiation Therapy Services, Inc., *et al.*,

> *Defendants-Appellees*,

Cicero Consulting Associates VCC, Inc., *et al.*,

> *Defendants.*

---

**FOR PLAINTIFFS-APPELLANTS:**          Michael B. Miller & LaShann M. DeArcy, *of counsel*, Morrison & Foerster LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES**
**Radiation Therapy Services, Inc.,**
**Radiation Therapy Services Holdings Inc.,**
**21st Century Oncology, LLC,**
**New York Proton Management LLC,**
**The New York Proton Center,**
**Norton L. Travis:**                                      Allan J. Arffa, Andrew C. Finch, & Patrick J.
                                                          Somers, Paul, Weiss, Rifkind, Wharton &
                                                          Garrison LLP, New York, NY.


**FOR DEFENDANT-APPELLEE**
**Oppenheimer & Co., Inc.:**                              Robert D. Owen & Peter Ligh, Sutherland
                                                          Asbill & Brennan LLP, New York, NY.


     Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).


     **UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED** solely for the entry of an order dismissing the state law claims without prejudice.

     Plaintiffs-appellants TPTCC NY, Inc., The Proton Institute of NY, LLC, and NY Medscan LLC appeal from the May 17, 2011 judgment of the District Court dismissing their federal claims under the Sherman Act, 15 U.S.C. §§ 1 and 2, and the Copyright Act, 17 U.S.C. § 101 *et seq.*, as well as their numerous state law claims for breach of an alleged joint venture agreement, unjust enrichment, misappropriation of confidential information and trade secrets, unfair competition, breach of fiduciary duty, tortious interference with contract, and breach of contract. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

     Although the plaintiffs' notice of appeal purports to challenge the District Court's Opinion and Order,[1] which dismissed the entire Amended Complaint with prejudice, the plaintiffs "specifically appeal the portion of the district court's Opinion and Order exercising supplemental jurisdiction over and dismissing on the merits plaintiffs' state law claims." Notice of Appeal, *TPTCC NY, Inc. v. Radiation Therapy Services, Inc.*, No. 10-cv-7097 (JSR), ECF No. 72. Because the plaintiffs have abandoned their federal claims on appeal, *see* Reply 3, we consider only the District Court's dismissal of the state law claims.

     As a general matter, federal district courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part

---

[1] The Opinion and Order referenced in the Notice of Appeal was entered on May 16, 2011; final judgment was entered on May 17, 2011.

of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Supplemental jurisdiction is traditionally "a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Thus, a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).  We review a district court's decision to exercise supplemental jurisdiction for abuse of discretion.  *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining that the term of art "abuse of discretion" includes errors of law).

In deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* (footnote omitted).  Although there is no "mandatory rule to be applied inflexibly in all cases," it is clear that "in the usual case in which all federal-law claims are eliminated before trial," the balance of factors will weigh in favor of declining to exercise supplemental jurisdiction. *Id.* at 350 n.7.

In this case, the District Court adverted to the *Cohill* factors in deciding to exercise supplemental jurisdiction, and then proceeded to dismiss the remaining state law claims with prejudice.  The District Court based its exercise of jurisdiction on "the complexity of plaintiffs' allegations, as well as the considerable time and energy the parties have expended thus far litigating those allegations before this Court."

Upon a review of the record and the arguments of counsel, it is clear that this action was in its infancy at the time of the District Court's decision.  A little more than five months elapsed between the filing of the original Complaint on September 16, 2010 and the February 24, 2011 order of the District Court dismissing the plaintiffs' claims.  Although the District Court had issued an expedited discovery schedule, the parties had yet to produce any documents, confer to resolve issues regarding the scope of document discovery, or notice a single deposition.

Based on the preliminary stage of the litigation and the substantial divergence between the federal and state law claims at issue, we are persuaded that "this case is 'the usual case in which all federal-law claims are eliminated before trial' such that 'the balance of factors to be considered . . . judicial economy, convenience, fairness, and comity . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006) (omissions in original) (quoting *Cohill*, 484 U.S. at 350 n.7).  We hold that, on these facts, the exercise of supplemental jurisdiction was an abuse of discretion.

Furthermore, we note that the District Court may have erred in dismissing some of the plaintiffs' state law claims.  Without undertaking an exhaustive analysis here, and thereby prejudging any state court proceedings to follow, we doubt whether the District Court properly decided the plaintiffs' breach of contract claim against Oppenheimer & Co., Inc

## CONCLUSION

The judgment of the District Court is **AFFIRMED** with respect to the dismissal of the plaintiffs' federal law claims, which have been abandoned on appeal, **REVERSED** with respect to the dismissal of the plaintiffs' state law claims, and **REMANDED** solely for the entry of an order dismissing the state law claims without prejudice.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4