*Horton v. Wells Fargo Bank, N.A.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of August, two thousand seventeen.

PRESENT:
        ROBERT D. SACK,
        SUSAN L. CARNEY,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

_____

LOVELLA HORTON,

    *Plaintiff-Appellant,*

      v.                            No. 16-4187

WELLS FARGO BANK, N.A., THE BANK OF NEW YORK, as trustee for WORLD SAVINGS BANK MORTGAGE PASS THROUGH CERTIFICATES REMIC 29 TRUST, DOES 1 through 100, inclusive,

    *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:        Steven Bruce Rabitz, Esq., Massapequa, New York.

FOR DEFENDANTS-APPELLEES: Zalika T. Pierre, Reed Smith LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 15, 2016 judgment entered by the District Court is **AFFIRMED**.

Appellant Lovella Horton appeals from the District Court's judgment dismissing her amended complaint. The complaint alleged causes of action arising from the nonjudicial foreclosure on a residential property in California that she once owned, and focusing on Horton's efforts to secure a loan modification during the foreclosure process. The District Court dismissed Horton's claims for "Declaratory Relief," "Constructive Fraud," "TILA" (the federal Truth in Lending Act), "Slander of Title," and "California's HBOR" (the California Homeowner Bill of Rights). Joint Appendix ("J.A.") 46-47. It also denied further leave to amend the already once-amended complaint. We assume the parties' familiarity with the underlying facts and the procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

On appeal, Horton challenges the dismissal of her claims for declaratory relief, constructive fraud, and HBOR relief, and the District Court's denial of further leave to amend.[1] We conclude that the District Court properly dismissed these claims, and affirm for substantially the reasons stated by the District Court in its thorough and well-reasoned November 2016 opinion.[2]

---

[1] Horton does not argue on appeal that the District Court erred in dismissing her TILA and slander of title claims. We treat these as abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (holding issues not raised in appellate brief are abandoned).

[2] Given the litigation's early stage and the particularities of Horton's claim under California's HBOR, it may have been advisable for the district court to decline to exercise supplemental jurisdiction over her state-law claims and dismiss them without prejudice. *See, e.g., TPTCC NY, Inc. v. Radiation Therapy Servs., Inc.*, 453 F. App'x 105, 107 (2d Cir. 2011) ("Based on the

On de novo review, *see Stevelman v. Alias Research Inc.*, 174 F.3d 79, 83 (2d Cir. 1999), we agree with the District Court that Horton failed to state a cognizable claim. We first conclude that the complaint did not state a claim for declaratory relief because California law, which undisputedly controls here, fatally undermines her theory that her note was improperly assigned unaccompanied by her deed of trust. *See Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 850 (Cal. 2016) ("The deed of trust, moreover, is inseparable from the note it secures, and follows it even without a separate assignment."). Second, because the complaint neither identified particular misstatements or omissions of any defendant nor explained how Horton relied on any, the District Court correctly ruled that Horton failed to plead with sufficient particularity facts supporting her claim for "constructive fraud." J.A. 42; *see also* Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (applying Rule 9(b)'s pleading requirements to federal and California claims). Third, we agree with the District Court that Horton has failed to state a claim under HBOR's provisions prohibiting "dual tracking." J.A. 45. That law prohibits lenders from pursuing foreclosure while a "*complete* first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c) (emphasis added)). Horton's complaint, however, does not adequately allege that she ever submitted a complete loan modification application, let alone the date on which her application became complete, or that she was in fact qualified for relief. This failure to allege "factual allegations sufficient 'to raise a right to relief above the speculative level'" is fatal to Horton's dual tracking claim. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v.*

preliminary stage of the litigation and the substantial divergence between the federal and state law claims at issue, we are persuaded that this case is the usual case in which all federal-law claims are eliminated before trial such that the balance of factors to be considered judicial economy, convenience, fairness, and comity will point toward declining to exercise jurisdiction over the remaining state-law claims." (internal quotation marks and alterations omitted)); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Nevertheless, we review a district court's exercise of supplemental jurisdiction over state-law claims for abuse of discretion, *Kroshnyi v. US. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014), and Horton has not argued that any such abuse occurred here.

*Twombly*, 550 U.S. 544, 555 (2007)); *see also Galindo v. BSI Fin. Servs., Inc.*, No. 17-cv-21 (LHK), 2017 WL 1036735, at *9 (N.D. Cal. Mar. 17, 2017) (dismissing "dual tracking" claim for failure to allege loan modification application was "complete"); *Villacis v. Ocwen Loan Servicing, LLC*, No. 14-cv-3279 (JD), 2015 WL 2227913, at *2 (N.D. Cal. May 12, 2015) (dismissing HBOR claim for failure to "allege the date on which [the plaintiff] submitted a complete first lien loan modification").[3]

Finally, Horton challenges the District Court's refusal, because of futility, to grant her leave to amend her amended complaint once again. When the "denial of leave to file a revised pleading is based on a legal interpretation, such as futility, [we] conduct[] a *de novo* review." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015). Having done so, we conclude that the District Court's determination was sound. Even on appeal, Horton "has still given no clue as to how the complaint's defects would be cured through an amendment." *F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017) (internal quotation marks and alteration omitted). We thus identify no error in the District Court's denial of a second opportunity to amend.

We have considered all of Horton's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the December 15, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] For the first time on appeal, Horton argues that defendants also violated California Business and Professional Code § 17203 and Regulation X of the Real Estate Settlement Procedures Act, 12 C.F.R. § 1024.41. Having failed to raise these claims in her amended complaint or before the District Court, however, Horton has forfeited them. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994).